Patsy Ruth DAVIS and William E. Davis, Plaintiffs,

v.

J. B. GREEN, Defendant.

Civ. A. No. 768.

United States District Court
W. D. Arkansas,
Texarkana Division.

Nov. 29, 1960.

F. C. Crow, Hope, Ark., for plaintiffs.

Wright, Lindsey, Jennings, Lester & Shults, Little Rock, Ark., for defendant.

JOHN E. MILLER, Chief Judge.

This is an action by the plaintiffs for damages arising out of a collision be-

tween a motor vehicle owned and operated by the defendant, J. B. Green, and one owned and operated by the plaintiff, William E. Davis, in which his wife, the plaintiff, Patsy Ruth Davis, was a passenger. The collision occurred June 13, 1960, and forty-five days later the case was filed in the Circuit Court of Hempstead County and was thereafter timely removed to this court.

In the complaint it is alleged that the defendant was guilty of negligence in the operation of his automobile in that he was driving at an excessive rate of speed, failed to have his automobile under proper control, and failed to keep a proper lookout. The plaintiff, Patsy Ruth Davis, seeks to recover for personal injuries allegedly sustained in the collision, and the plaintiff, William E. Davis, seeks to recover for damages to his automobile and medical expenses incurred in the care and treatment of his wife.

The defendant denies in his answer that he was negligent, and the case was set for trial to a jury on November 21, 1960. On that date the parties appeared in open court, waived trial by jury, and stipulated that the defendant, J. B. Green, was guilty of negligence in the operation of his car and that such negligence was a proximate cause of the collision and the injuries, if any, suffered by the plaintiffs.

The issue of damages was then tried to the court on November 21 and 22, 1960, and at the conclusion of the testimony the case was submitted. Counsel for the parties have submitted memoranda on the issue of damages, and they have been considered by the court, along with the testimony and the exhibits, and the court now makes and files herein its findings of fact and conclusions of law separately stated.

### Findings of Fact

**1.**

The plaintiffs, Patsy Ruth Davis and William E. Davis, are citizens of Arkansas and residents of the City of Hope within the Western District of Arkansas.

The defendant, J. B. Green, is a citizen and resident of Victoria, Texas. The amount in controversy is in excess of $10,000, exclusive of interest and costs.

**2.**

William E. Davis is 29 years of age and is an automobile dealer at Hope, Arkansas. Patsy Ruth Davis is 26 years of age and is the wife of William E. Davis. Mrs. Davis is a graduate of Henderson State Teachers College at Arkadelphia, Arkansas, and was employed as a school teacher in the Hope public schools from September 1958 through May 1960. On June 13, 1960, Patsy Ruth Davis was five months' pregnant. Mr. and Mrs. Davis have no other children.

**3.**

On June 13, 1960, William E. Davis was driving a 1960 Pontiac in a northerly direction along U. S. Highway 67, one and one-half miles north of the City of Arkadelphia, Arkansas. Mrs. Davis was a passenger in the car driven by her husband. At the same time the defendant, J. B. Green, was likewise driving his automobile, a 1960 Buick, in a northerly direction along the same highway. The Davis' car was traveling in front of the Green car, and the defendant drove his automobile into the rear of the Davis' car.

**4.**

Immediately after the collision both cars stopped. Patsy Ruth Davis was crying and complained of sharp pains in her neck and a headache. Some damage was done to the rear bumper and deck of the Davis' automobile. The Davises returned to Hope. Upon arising the next morning, Mrs. Davis was suffering more severe pains in her neck and was not able to turn her head. She contacted the family physician, Dr. Forney G. Holt, and immediately went to his office for an examination.

**5.**

Dr. Holt had conducted two routine prenatal examinations of Mrs. Davis prior to the collision and had been engaged to attend her during her preg-

nancy and birth of her child. When he examined her on June 14, 1960, Mrs. Davis complained of pain in and around her neck, headaches, and limitation of motion of the neck. Dr. Holt observed that the neck was tender on palpation and that there were spasms of the trapezius muscle. X-rays made of Mrs. Davis at this time disclosed a loss of the normal lordosis (curvature of the spine). The X-rays did not disclose any fractures or change in the spacing of the vertebrae.

Dr. Holt diagnosed Mrs. Davis' condition as a "whiplash" injury, and for treatment prescribed rest, the application of heat, and symptomatic treatment for pain with drugs. Dr. Holt continued to see Mrs. Davis at approximately one-month intervals during the remainder of her pregnancy. On these visits he would examine the condition of her neck along with the routine prenatal examinations. No subsequent X-rays of Mrs. Davis were made by Dr. Holt. No hospitalization, traction, or cervical braces were prescribed.

6.

During the next two months Mrs. Davis continued to suffer headaches and generalized pain throughout the cervical spine area along with a loss of mobility of the neck. She was not able to drive the automobile, and was completely disabled during the first month. She demonstrated considerable tension and nervousness during this period. On August 30, 1960, Mrs. Davis was examined by Dr. Charles Smith of Texarkana, Arkansas, at the request of the defendant. Dr. Smith is an orthopedic surgeon. His examination reflected no muscle spasms or sensory changes along with a full range of motion of the neck. Mrs. Davis still complained of some tenderness in the cervical area along with frequent though not constant headaches. Dr. Smith did not take any X-rays due to the advanced stage of Mrs. Davis' pregnancy.

7.

On November 17, 1960, Mrs. Davis was examined at her request by Dr. Robert D. Hightower, an orthopedic surgeon in Texarkana, Texas. His examination reflected no objective signs of injury, no muscle spasms, or sensory changes. Mrs. Davis still complained of tenderness and headaches. X-rays were made at this time, and they revealed that the curvature of the spinal column had returned to normal.

8.

Mrs. Davis continued to experience tenderness in the area of the neck, and pain, headaches and sleeplessness during September and early October of 1960. On October 12, 1960, Mrs. Davis gave birth to a baby daughter with no complications. Mrs. Davis employed a full-time maid prior to the accident, and the maid now does the majority of the work connected with the care of the baby.

9.

The damage to the Pontiac automobile owned by the plaintiff, William E. Davis, was $135.05.

10.

The reasonable medical expenses, including doctors' fees, X-rays, and drugs used in connection with the treatment of Mrs. Davis' injury totaled $60.

11.

Patsy Ruth Davis sustained a moderately severe whiplash injury when the automobile in which she was riding was struck from behind by the automobile driven by the defendant, J. B. Green. Following the injury, Mrs. Davis experienced severe pain in the cervical region, almost constant headaches, sleeplessness, limitation of motion of the neck, anxiety, tension, and was overly nervous. In the five months since the collision her condition has steadily improved, and there now exists no objective evidence of injury. The only subjective signs of injury are occasional headaches, and still some tenderness in the cervical region.

Discussion

In this case the liability of the defendant is admitted. The only question before the court is assessing the damages

sustained by the plaintiffs. As to the damages sustained by the plaintiff, William E. Davis, there is likewise no question. The defendant admits that Mr. Davis' car was damaged in the sum of $135.05, and that he expended $60 for medical care and treatment of his wife. The real issue, therefore, is assessing damages for Patsy Ruth Davis. Mrs. Davis seeks damages for past and future pain, suffering, and mental anguish. In addition, she apparently is seeking to recover for future loss of wages as a school teacher. In this latter respect, no evidence was offered to substantiate any claim for possible loss of wages as a school teacher. The accident occurred subsequent to the end of the school term at Hope, and apparently Mrs. Davis was not planning on teaching school during the present term due to her pregnancy. This leaves the court only with the problem of assessing damages for pain, suffering and mental anguish.

The measure of damages for plaintiff's personal injuries is such a sum as will reasonably compensate her for the pain, suffering and mental anguish she has incurred in the past and will incur in the future. See Dempsey v. United States, D.C.W.D.Ark.1959, 176 F.Supp. 75; Gibson v. United States, D.C.W.D. Ark.1958, 163 F.Supp. 385. The court finds that the sum of $1,500 will reasonably compensate Mrs. Davis for the physical pain and suffering she has endured in the past as a proximate result of the defendant's negligence. The court likewise finds that the sum of $1,500 will reasonably compensate Mrs. Davis for the mental anguish she has endured in the past as a proximate result of the defendant's negligence. In assessing damages for mental anguish, the court has considered Mrs. Davis' pregnancy during most of the period. It is quite understandable that Mrs. Davis would suffer considerable mental anguish concerning the possible effects of her injuries on the delivery of her unborn child.

The evidence fails to support the plaintiff's claim for future pain, suffering and mental anguish. Such claims must be proved by a preponderance of the evidence to a reasonable certainty. Waycaster v. Sorenson, D.C.W.D.Ark. 1954, 124 F.Supp. 892, 900. Such burden has not been met in the instant case. Here the objective findings negative any permanent injury. The subjective findings indicate a rapid improvement in Mrs. Davis' condition. The extent of medical treatment prescribed by the family doctor, Dr. Holt, was negligible. Dr. Holt's fees for the treatment of Mrs. Davis' neck injury totaled $15. An additional $15 was expended for X-rays, and $30 was spent on drugs. No hospitalization, traction or cervical braces were prescribed or required. When these factors are considered, along with all the other evidence, the court does not feel justified in allowing an award of future damages.

### Conclusions of Law

1.

The court has jurisdiction of the parties and the subject matter of this action. 28 U.S.C.A. § 1332.

2.

J. B. Green was guilty of negligence in the operation of his automobile, and his negligence was the proximate cause of the collision and the damages incurred by the plaintiffs.

3.

The plaintiff, William E. Davis, should recover of and from the defendant, J. B. Green, the sum of $3,000.

4.

The plaintiff, Patsy Ruth Davis, should recover of and from the defendant, J. B. Green, the sum of $3,000.

An order in accordance with the above is being entered today.