FORT SMITH IRON & STEEL MILLS *v.* SOUTHERN ROUND
BALE PRESS COMPANY.

Opinion delivered June 2, 1919.

1. CORPORATIONS—FOREIGN CORPORATION—VENUE OF ACTION.—A foreign corporation may be sued in a county in which it maintains a "branch office or other place of business," under Acts 1909, p. 293, section 1.

2. APPEAL AND ERROR—PRESUMPTION.—Where the court directed the jury to find in favor of one of the defendants and the verdict does not find against this defendant, but does recite the names of all the defendants against whom a finding of liability was made, it is apparent that the jury obeyed the court's direction.

3. TRIAL—REPETITION OF INSTRUCTIONS.—It is not error to refuse an instruction on a subject covered by another instruction given.

4. TROVER AND CONVERSION—PUNITIVE DAMAGES.—In an action for conversion of chattels, where the taking was wrongful, but not forcible, violent or malicious, punitive damages should not be assessed.

Appeal from Sebastian Circuit Court, Fort Smith District; *Paul Little,* Judge; reversed in part.

*T. S. Osborn,* for appellant.

1. The verdict for punitive damages is contrary to the law and the evidence. There was no evidence to justify such a judgment. 80 Ark. 260; 96 S. W. 1067.

2. A verdict of any kind against the Fort Smith Iron & Steel Mills is also contrary to both the law and the evidence.

3. Julia Arnold was not liable at all and was entitled to a verdict.

4. The court erred in not sustaining the demurrer, or special plea to the jurisdiction. Defendant was a foreign corporation and could not be sued in Arkansas. Kirby's Dig., § § 6072-3; 61 Ark. 504; 33 S. W. 482.

5. The service of summons was void. So was the service of notice to take depositions. *Supra.*

6. The court erred in its instructions. There was no proof to sustain a judgment for punitive damages. 80 Ark. 260; 96 S. W. 1067.

7. The court erred in refusing the request of defendants as asked. Nos. 2 and 3. Acts of 1907, Act 443; Act 260, Acts of 1909. The judgment should be reversed and case dismissed.

*Jo Johnson* and *J. B. Crownover,* for appellee.

1. A corporation has capacity to sue in other States than that of its charter. 24 L. R. A. 289; 101 U. S. 352. The bringing of a suit is not "doing business within the State under our laws. 216 Fed. 199; 55 Ark. 174; 89 Ala. 198; 8 So. Rep. 388; 2 Morowetz Corp., § 662; 94 Ark. 621. See also 90 Ark. 73; 76 *Id.* 10; *Ib.* 525.

2. The court had jurisdiction. The situs of the company was in Arkansas. 69 Fed. 753; 8 A. & E. Enc. Law 332.

3. Foreign corporations may be sued for torts. *Ib.,* p. 369-383.

SMITH, J. This suit was brought by appellee, a Delaware corporation, against appellant, a corporation under the laws of Oklahoma, for the conversion of one of its round bale presses at Spiro, Oklahoma. The press was not in operation at the time of the conversion but had been dismantled and was in storage. Appellant Joseph W. Arnold and Julia A. Arnold, his wife, who were president and secretary, respectively, of the defendant corporation, were sued individually, as was also one A. P. Walker, an employee of the defendant corporation, to which reference will hereafter be made as the defendant.

Paul Jones, the general manager of the plaintiff corporation, which will be referred to as the plaintiff, testified that on March 20, 1917, he received a letter signed by A. P. Walker reciting that the check for $25 which was enclosed was sent to pay for junk at Spiro, Oklahoma, per agreement. Jones immediately wrote Walker that he did not understand the letter, but to this letter he received no reply. Inquiry disclosed the fact that the press had been shipped to Fort Smith; but the testimony is conflicting as to whether Arnold and Walker

converted the press to their own use or to that of the defendant.

In justification of the conversion it was testified that a written offer for $25 had been communicated to and accepted by one Paul E. Jones for the plaintiff; but these letters were not produced at the trial and the plaintiff denied that such letters were in existence or had ever been written.

Appropriate pleadings raised the question of the sufficiency of the service against the defendant, it being shown that no agent had been appointed in this State upon whom service of process might be had. It was shown, however, that defendant's articles of incorporation recited that the places of business where its principal business was to be transacted are at Arkoma, Oklahoma, and Fort Smith, Arkansas, and that Arnold and his wife, as the principal officers of the corporation, resided in Fort Smith, where the larger part of the defendant's business was transacted.

The verdict of the jury was for the sum of $800 compensatory damages and for $200 punitive damages, and was rendered against both the defendant and Arnold and Walker individually, but did not mention the name of Mrs. Arnold, and it is now insisted that error was committed in that the jury did not obey the direction of the court to return a verdict in favor of Mrs. Arnold. No request that the verdict be amended was made at the trial.

Error is assigned in the refusal of the court to give an instruction numbered 6, which reads as follows:

"6. If you find from the evidence that the Fort Smith Iron & Steel Mills never had anything to do with said property and never had the same in its possession, you should return a verdict for it."

But the court did give an instruction as follows:

"2. On the other hand, if you find from the proof in this case by a preponderance thereof, that the Southern Round Bale Press Company did not sell or authorize the sale of this press, and further find that defendants,

A. P. Walker, Jos. W. Arnold and the Fort Smith Iron & Steel Mills took the same as charged in the complaint, or in any other manner, without the knowledge of plaintiff, then, in this event, it would be your duty to find a verdict against the defendants, or either of them, who took the property, for the fair market value of the property in question at the time and in the condition in which it was taken from Spiro, Oklahoma.

It is finally insisted that the verdict for punitive damages should not be permitted to stand.

We will dispose of these questions in the order stated.

The defendant was maintaining in the county in which it was sued a "branch office or other place of business," and it was, therefore, subject to suit in that county under the act of April 1, 1909 (Acts of 1909, p. 293), section 1, of which reads as follows:

"Section 1. That from and after the passage of this act any and all foreign and domestic corporations who keep or maintain in any of the counties of this State a branch office or other place of business shall be subject to suits in any of the courts in any of said counties where said corporation so keeps or maintains such office or place of business, and that service of summons or other process of law from any of the said courts held in said counties upon the agent, servant or employee in charge of said office or place of business shall be deemed good and sufficient service upon said corporations and shall be sufficient to give jurisdiction to any of the courts of this State held in the counties where said service of summons or other process of law is had upon said agent, servant or employee of said corporations."

See, also, *Lesser Cotton Co.* v. *Yates,* 69 Ark. 396; *Arkansas Construction Co.* v. *Mullins,* 69 Ark. 429, 431; *W. T. Adams Machine Co.* v. *Castleberry,* 84 Ark. 573, 574; *Vulcan Construction Co.* v. *Harrison,* 95 Ark. 588, 591; *Fort Smith Lumber Co.* v. *Shackleford,* 115 Ark. 272.

Mrs. Arnold has no just cause of complaint. Her name does not appear in either the verdict or the judgment, and as the verdict does recite the names of all the defendants against whom a finding of liability was made it is apparent that the jury obeyed the court's direction to find in her favor.

Instruction 6 is, of course, the law; but no error was committed in refusing to give it. Instruction No. 2 made it plain that the verdict should be returned against the defendants only who took or were concerned in the taking of the property.

We agree with counsel for defendant, however, that the imposition of punitive damages was not warranted by the testimony. The plaintiff had only the constructive possession of the property. There were no circumstances of force, oppression or intimidation connected with the taking. In *Kelly v. McDonald*, 39 Ark. 393, it was said:

"Exemplary damages ought not to be given, unless in case of intentional violation of another's right, or when a proper act is done with an excess of force or violence, or with malicious intent to injure another in his person or property."

The taking was wrongful but not malicious and punitive damages should not, therefore, have been assessed. See, also, 17 C. J. secs. 271, 273 and 276, of the article on Damages and cases there cited; *S. W. T. & T. Co.* v. *Memphis Telephone Co.*, 111 Ark. 474; *Greer* v. *White*, 90 Ark. 117; *Railway* v. *Hall*, 53 Ark. 7; *Barlow* v. *Lowder*, 35 Ark. 492; *O'Connell* v. *Rosso*, 56 Ark. 572; *Clark* v. *Bales*, 15 Ark. 452; *Brown* v. *Allen*, 67 Ark. 388; *Harrison Lbr. Co.* v. *Morris*, 80 Ark. 262; *Parks* v. *Thomas*, 138 Ark. 70, 210 S. W. 141.

The judgment for punitive damages will be reversed and the action therefor dismissed. The judgment for compensatory damages is affirmed.