Donald Ubbe BRUNS *v.* Norma Jean BRUNS

86-35                                    719 S.W.2d 691

Supreme Court of Arkansas
Opinion delivered November 17, 1986

*Williams, Gunn & Borgognoni*, by: *Mary Ann Gunn* and *Charles E. Hanks*, for appellant.

*William A. Storey*, for appellee.

STEELE HAYS, Justice. Appellant Donald Bruns has appealed in two cases, one at law and one in chancery. Both involve his former wife, appellee Norma Jean Bruns. One appeal is from a judgment awarding damages to Mrs. Bruns for a battery inflicted on her by Mr. Bruns. The other appeal is from an order in a divorce suit upholding a garnishment by Mrs. Bruns of proceeds belonging to Mr. Bruns, and derived from the sale of property under the divorce decree. The two appeals are consolidated and our jurisdiction is based on Rule 29(1)(o).

These parties married in 1957. The marriage, by Mrs. Bruns's account, was stormy because of frequent outbursts of violence by Mr. Bruns. On July 16, 1984 as Mrs. Bruns was leaving for work Mr. Bruns struck her, knocking her down the front steps. She sustained injuries to her face, chest and ankle. Mrs. Bruns promptly filed suit for divorce. She also filed an action for personal injuries sustained as a result of the battery. The case was tried to a jury, which returned a verdict for $9,468 as compensatory damages and $14,000 as punitive damages.

The appeal from the judgment alleges two errors by the trial court: first, by modifying the model jury instructions to include embarrassment as an element of damage and, two, by submitting the issue of punitive damages to the jury. In the other appeal Mr. Bruns alleges the chancellor erred by holding in the divorce suit that undistributed funds in the registry of the chancery court were subject to garnishment on the judgment awarded Mrs. Bruns, while motions were pending with respect to such funds. We sustain the argument that the jury was wrongly instructed and, accordingly, the judgment is reversed.

The pertinent testimony is summarized as follows: Dr. John Vinzant testified that he examined Mrs. Bruns soon after the incident. He described a bruise of her left rib cage measuring about 2 inches by 8 inches. He prescribed medication for "moderate pain." He said the injury would be tender for a couple of weeks but the pain itself would last no longer than three or four days. Her ribs would be sore for six weeks but Mrs. Bruns was, he said, able to return to work the next day. Dr. Vinzant's charge was $40. Out-of-pocket expenses totalled $205. Mrs. Bruns testified that her injuries were sore and painful for three months, during which she was handicapped in her work as a real estate saleswoman. She estimated her loss in commissions at $3,000 per month. Mrs. Bruns's mother said her daughter's face was swollen and it was difficult for her to speak, that she appeared to be in very much pain. Mr. Bruns admitted striking Mrs. Bruns with his fist, but denied he had any intent to injure her.

On appeal Mr. Bruns contends embarrassment as an element of damage is included in mental anguish, covered by instruction No. 10, a modification of AMI 2201, to which AMI 2204, 2205 and 2206 had been added. Also added without explanation was a fourth element, embarrassment, over the specific objection of Mr. Bruns. The instruction as given reads:

> You are required to assess the damages of Plaintiff, Norma Jean Bruns. Therefore, you must fix the amount of money which will fairly and reasonably compensate her for any of the following four elements of damage sustained:

> First: The reasonable expense of any necessary medical care, treatment and services rendered. [AMI 2204].

> Second: Any pain and suffering and mental anguish experienced in the past. [AMI 2205].

> Third: The value of any earnings lost. [AMI 2206].

> Fourth: Embarrassment.

> Whether any of these elements of damage has been proved by the evidence is for you to determine.

■ We think it was error for the trial court to instruct the jury that it could consider embarrassment as an element of damage in addition to mental anguish, as we believe the two are not separate elements. That conclusion finds support in dictum in the case of *Erwin* v. *Milligan*, 188 Ark. 658, 67 S.W.2d 592 (1934):

> As a general rule, damages are recoverable for mental suffering *consisting* in a sense of wrong or insult, indignity, humiliation or injury to the feelings. . .(Our emphasis).

Mr. Justice Fogleman expressed a similar view in a dissenting opinion in *Adkins* v. *Kelley*, 244 Ark. 199, 424 S.W.2d 373 (1968):

> If there is any element that is not covered in case of disfigurement in the usual elements of damage, then I cannot see how it would be any more than humiliation and embarrassment which I feel are covered by mental anguish.

Other legal authorities are consistent with this position:

> Other elements that may be taken into consideration in determining such damages [mental suffering] include the affront to the plaintiff's personality, and the indignity, disgrace, humiliation, and mortification to which he was subjected by the defendant's conduct. 6 Am.Jur.2d, Assault and Battery, § 183, p. 151.

In 25 C.J.S. Damages, § 70, p. 833, humiliation, indignity, embarrassment, or insult, are listed under the heading "Particular Forms of Mental Suffering." In discussing "humiliation," the author states:

> [A] recovery may be had for such mental pain and injury to the feelings as humiliation, indignity, embarrassment, or insult, provided the conduct of the defendant was such as would likely cause humiliation and insult to any person in like circumstances. . .

■ We do not suggest the appellant could not argue to the jury that embarrassment contributed to the appellee's mental anguish, merely that the jury could not be instructed that embarrassment and mental anguish were separate elements to be

weighed in determining her compensation.

■ We note, too, the trial court's modification of the model jury instructions in adding an element of damage not included in the instructions was not in conformity with the Per Curiam Order of April 19, 1965, appearing at p. XIII of the Arkansas Model Jury Instructions, Civil. When AMI instructions are modified, the reason for the modification must be stated in the record. *Adkins* v. *Kelley*, 244 Ark. 199, 424 S.W.2d 373 (1968). *Chicago, Rock Island & Pacific Ry. Co.* v. *Hughes*, 250 Ark. 526, 467 S.W.2d 150 (1971). Had the trial court heeded the per curiam order it might have recognized that modifying the AMI instructions in this fashion was misguided. Nor do we consider the error harmless, as appellee urges. The verdict was general and while the amount, $9,468, roughly coincides with the medical expenses of $205 and the lost commissions, approximately $9,000, we cannot say with confidence the jury was not influenced by the erroneous instruction.

While reversal of the judgment renders the remaining arguments moot, we will address the issue of punitive damages for purposes of retrial. Mr. Bruns argues there was no proof of "intent, willfulness, wantonness, or conscious indifference" from which malice may be inferred. We wholly disagree.

■ Mr. Bruns readily admitted he deliberately struck Mrs. Bruns in the side of the face with his fist. Beyond that, the blow was delivered from behind as she was descending the stairs of their front porch, subjecting her to greater injury. A more willful act could hardly be designed. Punitive damages are recoverable when there is an intentional violation of another individual's rights, *Ft. Smith Iron & Steel Mill* v. *Southern Round Bale Press Co.*, 139 Ark. 101, 213 S.W. 21 (1919). Mrs. Bruns had a right not to be the physical object of Mr. Bruns's anger. As we observed in *Boren* v. *Qualls*, 284 Ark. 65, 680 S.W.2d 82 (1984), "it can hardly be questioned that punitive damages are recoverable by one who suffers injury as a result of blows intentionally inflicted." Citing *Ray Dodge, Inc.* v. *Moore*, 251 Ark. 1036, 479 S.W.2d 518 (1972).

352

Reversed and remanded.