BROOKSIDE VILLAGE MOBILE HOMES v. Gail
MEYERS

89-241                                              782 S.W.2d 365

Supreme Court of Arkansas
Opinion delivered January 16, 1990

---

*Kemp, Duckett, Hopkins & Spradley*, for appellant.

*Boyd Tackett, Jr.*, for appellee.

OTIS H. TURNER, Justice. The appellant, Brookside Village Mobile Homes, commenced this action to recover past due rental payments on a mobile home alleged to be due under a written agreement. Gail Meyers, the appellee, counterclaimed, alleging that the writing was a contract of sale and contending that she entered into the contractual arrangement as a result of Brook-

side's fraudulent conduct.

The circuit court, as trier of fact, held the contract to be one of sale entered into by Meyers as a result of Brookside's deceit and rendered a judgment for the appellee in an amount equal to payments made to the appellant ($1,101.71), together with an attorney's fee of $1000 pursuant to the provisions of Ark. Code Ann. § 16-22-308 (Supp. 1989). We must reverse because of a lack of any substantial evidence to support the finding of deceit.

Brookside Village Mobile Homes operates a mobile home park and rents and sells mobile homes. Gail Meyers, a prospect, was shown several mobile homes in the appellant's park and chose a mobile home located in space 69. On January 8, 1988, Meyers executed a "Lease/Rental Agreement" with the appellant for space 69 in Brookside Village Mobile Home Park and subsequently moved into the mobile home located in that space which she had selected.

On February 10, 1988, Meyers executed a "Lease With Option to Purchase," which described a 1982 14' x 52' "Liberty" mobile home, serial number 7460, and paid to Brookside the sum of $500 for the purchase option. However, the home Meyers had inspected and moved into was not the unit described in the Lease With Option to Purchase," but was, in fact, a 1984 14' x 52' "Champion" unit, serial number 5395, which, according to the evidence, was of the same value as the "Liberty" model.

A few months later, Meyers defaulted in her lease payments, and Brookside sued for the unpaid rentals. Meyers counterclaimed, alleging fraud and seeking compensatory and punitive damages.

The trial court found that the "Lease With Option to Purchase" was, in fact, a contract for the sale of the mobile home; that Brookside was guilty of "deceit" in the transaction; and that Meyers was entitled to a return of her $500 along with all payments made toward the "purchase." Further, as the appellant was the prevailing party, an award of $1,000 as a reasonable attorney's fee was granted to Meyers' attorney. No proof was required concerning the value of the attorney's services. From that decision, the appellant has raised this appeal.

The tort of deceit is established when each of five

elements is shown: First, a false representation of a material fact; second, knowledge or belief on the part of the person making the representation that the representation is false or that there is not a sufficient basis of information to make such a representation; third, an intent to induce the other party to act or refrain from acting in reliance upon the misrepresentation; fourth, a justifiable reliance upon the representation by the other party in taking action thereon; and fifth, resulting damages. *Higgins* v. *Hines*, 289 Ark. 281, 711 S.W.2d 783 (1986); *Storthz* v. *Commercial National Bank*, 276 Ark. 10, 631 S.W.2d 613 (1982); see also, Prosser, *Law of Torts* (4th Ed. 1971), pp. 685-686.

It is undisputed that the mobile home described in the "Lease With Option to Purchase" was not the mobile home that Meyers selected and occupied. Standing alone, this fact would appear to satisfy the requirement of a false representation of a material fact, if it were not for the additional fact (which the record makes abundantly clear) that a simple clerical mistake occurred rather than an attempt to deceive. The mistake was at no time disputed by Brookside; moreover, Bill Meyers, the appellee's former husband, who assisted in the rental negotiations, testified that no one employed by the appellant ever refused to correct the mistaken description.

There is no evidence that Brookside induced or intended to induce the appellee to act or refrain from acting in reliance upon a representation concerning the brand or model of the unit located in space 69. To the contrary, it was clear from the testimony of both the appellee and her former husband that she specifically chose the mobile home in space 69, without regard to a particular brand or model year. The appellee candidly admitted that she moved into the mobile home that she had chosen after looking at several others and made no claim that she was purchasing a particular brand. Additionally, the instruments signed by the appellee provided that she was accepting the unit "as is."

The burden of proving fraud requires not only a showing that the purchaser was without knowledge of the facts, but also that the ascertainment of the undisclosed fact was not within the reach of the purchaser's diligent attention or observation. *Vaught* v. *Satterfield*, 260 Ark. 544, 542 S.W.2d 502 (1976). Clearly, the appellee had ample opportunity to inspect

the trailer and did, in fact, make such an inspection. Further, Bill Meyers pointed out that the brand name "Champion" was visible on the front of the mobile home. The trademark also appeared on a plaque inside the unit.

The appellee failed to meet her burden of showing knowledge or belief on the part of the appellant that the description in the option to purchase was false. She was unable, as well, to prove that the appellant acted with an intention to induce her to act or refrain from acting in reliance upon a misrepresentation or to establish her justifiable reliance upon a material representation. This cause, therefore, is reversed and remanded.

Arkansas Code Annotated Section 16-22-308 (Supp. 1989), the statute relied upon by the court in authorizing the award of attorney's fees, provides for such an award to the prevailing party. Since the judgment in favor of the prevailing party is reversed, the award of attorney's fees is also reversed.

Reversed and remanded.