James McCLARD, Brian Stacks, and Joyce Stacks *v.*
CRAIN MANAGEMENT GROUP, INC., d/b/a Freeway
Ford Lincoln, Mercury, Inc.
92-1325                                            855 S.W.2d 929
Supreme Court of Arkansas
Opinion delivered June 21, 1993
[Rehearing denied July 19, 1993.*]

*Hays and Glaze, JJ. would grant rehearing.

*Grisham A. Phillips*, for appellant.

*Larry Killough, Jr.*, for appellee.

JACK HOLT, JR., Chief Justice. The appellants, James McClard, Brian Stacks, and Joyce Stacks, (McClard and Stacks), are appealing a jury verdict in favor of the appellee, Crain Management Group, d/b/a Freeway Ford, Lincoln, Mercury (Freeway Ford). McClard had sued Freeway Ford in tort for actual and punitive damages as a result of misrepresentation in the sale of a vehicle. McClard and Stacks appeal on the sole basis that the trial court erred in giving a non-AMI jury instruction. Since we agree, this case is reversed and remanded to the trial court.

This dispute arose when James McClard took his daughter, Joyce Stacks, to Freeway Ford, Lincoln Mercury and purchased a used 1987 BMW. The car was marked "AS IS - NO WAR-RANTY." Prior to the purchase, McClard and Stacks did not take the car to a mechanic of their choice to have it checked out, although testimony was established that they were advised that they could do so. Testimony was in dispute as to whether or not a Freeway Ford salesman had assured McClard and the Stacks that the car had not been wrecked. However, they later learned that it was a "Texas salvage" vehicle that had sustained major body and mechanical damage and had been repaired. As a result, they filed suit against Freeway Ford for misrepresentation alleging that at the time of the sale, the salesman had assured them that the car had never been wrecked.

During the discussion of jury instructions, Freeway Ford tendered the following non-AMI jury instruction, which was

based on *Brookside Village Mobile Homes* v. *Meyers*, 301 Ark. 139, 782 S.W.2d 365 (1990). Even though the instruction overlapped with AMI 405, Freeway Ford contended that it incorporated a different burden of misrepresentation that is not provided in 405. The instruction given was as follows:

> The burden of proving misrepresentation requires not only a showing that plaintiffs were without knowledge of the facts, but that ascertainment of undisclosed facts were not within reach of plaintiffs diligent attention and observation.

McClard and Stacks objected, claiming that the subject-matter of the proffered AMI instruction was covered by AMI 405, which states:

> Plaintiffs claim damages from defendant and have the burden of proving each of five essential propositions: First, that they have sustained damages; second, that a false representation of facts was made by defendant; third, that defendant knew or believed that the representation was false, or did not have sufficient basis with information to make it; fourth, that defendant intended to induce plaintiffs to act in reliance upon the misrepresentation; and fifth, plaintiffs justifiably relied upon the representation and as a result sustained damages. If you find from the evidence in this case that each of these propositions has been proved, then your verdict should be for plaintiffs; but if, on the other hand, you find from the evidence that any of these propositions has not been proved, then your verdict should be for defendant.

In short, the trial court saw fit, despite the requirements in AMI 405 that the plaintiffs prove they "justifiably relied" upon the alleged misrepresentation, to instruct that "ascertainment of undisclosed facts were not within reach of plaintiffs' diligent attention and observation." The trial court concluded its remarks by stating that "the AMI instructions have not fully and adequately covered the necessary law."

One need only look at the facts of the *Brookside Village Mobile Homes* case to see why that statement of the law was appropriate there but so inappropriate here. Ms. Meyers selected

a mobile home and lot and moved in. She defaulted on payments. Brookside Village Mobile Homes sued to recover past due payments. Ms. Meyers counterclaimed alleging deceit. The contract she entered with Brookside Village Mobile Homes described the unit as a "Liberty" model, but it was in fact a "Champion." The name "Champion" appeared on the front of the mobile home as well as on a plaque inside it. Those are the facts which gave rise to our statement that proof of fraud requires a showing that "the ascertainment of the undisclosed fact was not within the reach of the purchaser's diligent attention or observation." Here, rather than having a sign on the car in two places that it was a "salvage" vehicle, we have evidence that a representative of Freeway Ford told McClard and Stacks the car had not been wrecked. The evidence of an opportunity for "ascertainment of the undisclosed fact" was said to have been "within reach of the purchaser's diligent attention or observation" because these purchasers could have taken the car to a mechanic for inspection.

It is obvious to this court that the approval of the additional instruction means that such emphasis can be placed on this opportunity to inspect that a jury can be led to conclude that, when a seller would allow the prospective buyer to have a car inspected by a mechanic, then the seller may say whatever it pleases about the car with impunity. That has to be wrong.

Arkansas Model Jury Instruction 405 accurately stated the law, and thus there should have been no embellishment upon it. *Dorton* v. *Francisco*, 309 Ark. 472, 833 S.W.2d 362 (1992). The mere fact that the addition may have accurately stated the law does not make giving it to the jury appropriate. *Wal-Mart Stores* v. *Kelton*, 305 Ark. 173, 806 S.W.2d 373 (1991).

While the language we used in deciding the *Brookside Village Mobile Homes* case was entirely appropriate to that decision, it was not used in an instruction by the trial court in that case, and it might have been inappropriate in that context. It certainly was inappropriate here because it placed undue emphasis on one aspect of the evidence in the face of AMI 405 which covered it adequately.

McClard and Stacks also petitioned this court for costs and attorney's fees arguing that Freeway Ford's inclusion of the testimony of Nigel Peete, Wayne Bailey, Joyce Stacks and James

McClard as well as the transcript of the hearing on McClard's Motion for New Trial in the record were unnecessary to the determination of the issue before this court because of a stipulation as to certain evidence presented at trial.

The "stipulations" filed by McClard and Stacks were filed contemporaneously with the notice of appeal in the Saline County Circuit Court .and were captioned "Stipulations for Appeal." This document bears only the signature of counsel for appellant. A stipulation is a "name given to any agreement made by the attorneys engaged on opposite sides of a cause (especially if in writing) regulating any matter incidental to the proceedings or trial, which falls within their jurisdiction." Black's Law Dictionary 1269 (5th ed. 1979). The "stipulations" filed by McClard and Stacks were not signed by both sides. Absent agreement between the attorneys to stipulate, Freeway Ford was within its rights to supplement the record if appropriate.

Under the circumstances of this case, we do not feel that Freeway Ford's supplementation of the record was unnecessary or inappropriate. Accordingly, the motion for costs and related attorney's fee is denied.

Reversed and remanded.

HAYS, CORBIN and BROWN, JJ., dissent.

ROBERT L. BROWN, Justice, dissenting. I would affirm this case.

The trial judge instructed the jury on what the term, justifiable reliance, meant in the context of this case. He explained that he did so because the AMI instructions did not fully and adequately cover the necessary law. He then looked to one of our recent cases, *Brookside Village Mobile Homes* v. *Meyers*, 301 Ark. 139, 782 S.W.2d 365 (1990), and used our holding there to clarify the term. He instructed the jury that justifiable reliance meant that the ascertainment of undisclosed facts was not within the reach of the plaintiff's diligent attention and observation.

The actions of the trial judge were not error. On the contrary, the judge defined a term for the jury more completely, which had to be helpful to a panel of lay people. Neither party contends that the instruction was not a correct statement of the law. Despite

this, the majority writes 1) that the instruction unduly emphasized the element of justifiable reliance; and 2) that while it may have been a correct statement of the law in *Brookside*, it was not appropriate to use the *Brookside* language to instruct the jury in this case. I strongly disagree with both conclusions.

Adoption of the Model Instructions by per curiam order in 1965 represented a watershed event in jurisprudence in the state. This court unequivocally endorsed those instructions and fixed a policy mandating that the AMI instruction be used "unless the trial judge finds that it does not accurately state the law." In the present case, an additional instruction was given. Far from emphasizing the justifiable-reliance element, the additional instruction supplemented AMI 405 and further defined an essential term for the jury.

Unlike the majority, I do not believe that the facts of this case render inapposite the instruction at issue. True, in *Brookside* the issue was whether the buyer should have been put on notice and checked whether she was buying a Champion mobile home or a Liberty mobile home. Here, though, the buyers were purchasing a used car "as is." There is no dispute that the buyers had ample opportunity to test drive the car and have a mechanic of their choosing check it over. Whether the buyers were diligent in ascertaining if the used car had been previously wrecked was a jury question. So was the issue in *Brookside*: was the buyer diligent in determining what brand of mobile home he was buying?

We run a dangerous risk if we treat the Model Instructions as a procrustean bed with all the rigidity and inflexibility that the metaphor suggests. Additional instructions are helpful on occasion, and the trial judge must have some discretion in these matters. Otherwise, the AMI instructions become a Napoleonic Code, fixed, immobile, and absolute.

This court has often affirmed the decision of trial judges in refusing to give an instruction which supplemented an AMI instruction. *See Dorton* v. *Francisco*, 309 Ark. 472, 833 S.W.2d 362 (1992); *Wal-Mart Stores, Inc.* v. *Kelton*, 305 Ark. 173, 806 S.W.2d 373 (1991); *Newman* v. *Crawford Constr. Co.*, 303 Ark. 641, 799 S.W.2d 531 (1990); *Pineview Farms, Inc.* v. *Smith Harvestore, Inc.*, 298 Ark. 78, 765 S.W.2d 924 (1989); *James* v.

*Bill C. Harris Constr. Co.*, 297 Ark. 435, 763 S.W.2d 640 (1989). We have also reversed a trial judge who added an element of damage to an AMI instruction without explanation. *Bruns* v. *Bruns*, 290 Ark. 347, 719 S.W.2d 691 (1986). We have not reversed a trial judge who supplemented an AMI instruction by explaining a term and giving reasons for doing so. In fact, we have said in one case that a trial court's remarks were overbroad in declaring that the parties were confined to the use of AMI instructions only, "since modifications of the AMI or other instructions may be given under appropriate circumstances." *Blankenship* v. *Burnett*, 304 Ark. 469, 472, 803 S.W.2d 539, 541 (1991).

·I fear that the majority is now on a course where soon the giving of a non-AMI instruction will be presumed error. That must not occur. Trial judges must have some discretion in this area, though the discretion should be exercised sparingly.

I respectfully dissent.

HAYS and CORBIN, JJ., join.