
# SUPREME COURT OF ARKANSAS

No. CV–13–468

|  |  |
|---|---|
| ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC., f/k/a JANSSEN PHARMACEUTICA, INC., AND/OR JANSSEN, LP; and JOHNSON & JOHNSON<br><br>APPELLANTS<br><br>V.<br><br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered** March 20, 2014<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT [NO. CV-2007-15345]<br><br>HONORABLE TIMOTHY DAVIS FOX, JUDGE<br><br><u>REVERSED AND REMANDED</u>. |

**COURTNEY HUDSON GOODSON, Associate Justice**

On January 31, 2013, the Pulaski County Circuit Court awarded $180,851,370 in attorney's fees and $298,799.86 in costs to the State as the prevailing party in *Ortho-McNeil-Janssen Pharmaceuticals, Inc. v. State*, 2014 Ark. 124, ___ S.W.3d ___, Pulaski County Circuit Court case number CV-2007-15345. For reversal, appellant Ortho–McNeil–Janssen Pharmaceuticals, Inc., f/k/a Janssen Pharmaceutica, Inc., and/or Janssen, LP, and Johnson & Johnson (collectively referred to as "Janssen") argues that (1) the State's request for attorney's fees was premature because the "federal share" of the underlying judgment has not been determined; (2) the court improperly interpreted the Medicaid Fraud and False Claims Act (MFFCA) and the Arkansas Deceptive Trade Practices Act (ADTPA) as requiring courts to shift contingency-fee agreements to the losing party; (3) the award does not comport with Arkansas law regarding attorney's fees because the circuit court based the fee award entirely

SLIP OPINION

on the State's contingency-fee agreement with Bailey Perrin Bailey (BPB); (4) the circuit court improperly interpreted and applied the factors for determining an award of attorney's fees, as discussed in this court's opinion in *Chrisco v. Sun Industries, Inc.*, 304 Ark. 227, 800 S.W.2d 717 (1990); and (5) the attorney's fee award violates the Excessive Fines and Due Process Clauses of the United States and Arkansas Constitutions. This court's jurisdiction is proper as this is a companion case to the direct appeal in *Ortho-McNeil-Janssen v. State*, 2014 Ark. 124, ___ S.W.3d ___, handed down this same date, and because Janssen's fee-shifting argument presents an issue of first impression. Ark. Sup. Ct. R. 1–2(b)(1). Since the judgment in favor of the State is reversed and dismissed in part on the MFFCA claim and reversed and remanded on the ADTPA claim, the award of attorney's fees is reversed and remanded. *Brookside Vill. Mobile Homes v. Meyers*, 301 Ark. 139, 782 S.W.2d 365 (1990) (reversing an award of attorney's fees where the underlying judgment in favor of the prevailing party was reversed).

Reversed and remanded.

*O'Melveny &Myers, LLP*, by: *Charles C. Lifland* (California), *Stephen D. Brody* and *Walter Dellinger* (Washington DC);
*Drinker Biddle & Reath LLP*, by: *Thomas F. Campion* (New Jersey), *Edward M. Posner*, *Gregg W. Mackuse* (Pennsylvania); and
*Friday, Eldredge & Clark, LLP*, by: *James M. Simpson, Laura H. Smith, Robert S. Shafer*, and *Martin A. Kasten*, for appellants.

*Dustin McDaniel*, Att'y Gen., by: *Bradford J. Phelps*, Chief Deputy Att'y Gen.;
*Kellogg, Huber, Hansen, Todd, Evans & Figel, PLLC*, by: *David C. Frederick, Derek T. Ho*, and *Caitlin S. Hall*; and
*Bailey Perrin Bailey PLLC*, by: *Fletcher V. Trammell, Robert W. Cowan, Justin C. Jenson*, and *Elizabeth W. Dwyer*, for appellee.