# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-1490

_____

Katina Riggs-Degraftenreed

*Plaintiff - Appellant*

v.

Wells Fargo Home Mortgage, Inc.; Wells Fargo Bank N.A.; Wilson & Associates, PLLC

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: February 7, 2017
Filed: February 14, 2017
[Unpublished]

_____

Before COLLOTON, MURPHY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Following entry of final judgment in her removed civil action, Katina Riggs-Degraftenreed appeals the district court's[1] dismissal of her state-law claims of

---

[1] The Honorable D.P. Marshall, Jr., United States District Judge for the Eastern District of Arkansas.

fraud and conversion, which arose from communications surrounding the anticipated foreclosure of her home mortgage. We review de novo, see Plymouth Cty. v. Merscorp, Inc., 774 F.3d 1155, 1158 (8th Cir. 2014), and we agree with the district court that Arkansas law precluded Riggs-Degraftenreed from bringing a conversion action on a promissory note that she signed. See Ark. Code Ann. §§ 4-3-420(a), -105(c), -103(a)(6). Considering the allegations in and exhibits appended to all of her complaints,[2] we are of the opinion that, even assuming the inclusion of the November 4 and 23, 2009 letters from Wilson & Associates satisfied Fed. R. Civ. P. 9(b), Riggs-Degraftenreed failed to state a prima facie case of fraud against either their sender or its principal (the Wells Fargo defendants). See Curtis Lumber Co. v. La. Pac. Corp., 618 F.3d 762, 772 (8th Cir. 2010) (in Arkansas, fraud requires: "(1) a false representation of material fact; (2) knowledge that the representation is false or that there is insufficient evidence upon which to make the representation; (3) intent to induce action or inaction in reliance upon the representation; (4) justifiable reliance on the representation; and (5) damage suffered as a result of the reliance." (quoting Goforth v. Smith, 991 S.W.2d 579, 586 (Ark. 1999)).

Her complaints failed to show how she was damaged by the November 4 letter. See Tyson Foods, Inc. v. Davis, 66 S.W.3d 568, 577 (Ark. 2002). As to the November 23 missive, we fail to see how the provision of an itemized accounting of foreclosure-related expenses—which Riggs-Degraftenreed had the opportunity to question or contest prior to payment—would constitute fraud, in the absence of allegations that defendants had knowledge of the alleged inaccuracies to which she, herself, did not also have access. See Brookside Vill. Mobile Homes v. Meyers, 782 S.W.2d 365, 367 (Ark. 1990) ("The burden of proving fraud requires not only a showing that the [plaintiff] was without knowledge of the facts, but also that the

---

[2]Contrary to appellees' assertions, our review is not limited to the face of the Fourth Amended Complaint, because this complaint successfully incorporated each of the prior complaints by reference, as permitted under Ark. R. Civ. P. 10(c), prior to the action's removal to federal court.

ascertainment of the undisclosed fact was not within the reach of the [plaintiff]'s diligent attention or observation.").

Accordingly, we affirm.  <u>See</u> 8th Cir. R. 47B.

_____